DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. A jury found Steven C. Martin, defendant below and appellant herein, guilty of a felony charge of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1).
 {¶ 2} Appellant assigns the following errors for review:[2]
First Assignment of Error:
"It was unreasnoable [sic], within the meaning of theFourth Amendment for arresting officer to detain the appellant, after pretextual stop for purposes of conducting field sobriety test when officer had no reason to believe appellant was intoxicated, there was reasonable explanation of appellant's missteps when exiting his vehicle, and it is evident from the officer's testimony at trial that he was following appellant just to see if he was intoxicated, in violation of the Fourth Amendment, ArticleI § 14 of the Ohio Constitution."
Second Assignment of Error:
"The appellant was denied the right to counsel under R.C. §§2935.14[,] 2935.20, Article I § 10 [sic] of the Ohio Constitution and the Fifth Amendment of the United States Constitution, when the arresting officer failed to give the appellant effective access to facilities to communicate with an attorney."
Third Assignment of Error:
"The appellant was denied the effective assistance of counsel at the preliminary hearing stage of these proceedings by being to accept `stand-in' counsel and sign an involuntary waiver of his constitutional rights."
Fourth Assignment of Error:
"The trial court abused its discretion by not holding a hearing to determine the extent of the possible conflict of interest of trial counsel when pre-trial motion to withdraw was filed by counsel and denied ex parte."
Fifth Assignment of Error:
"The appellant was denied a fair trial by the prosecution, trial court, and defense counsel by the admission and solicitation of bad character, prior and subsequent criminal acts, testimony from the prosecution witnesses during the trial in violation of the Ohio Rules of evidence, 403(A) and 404(B), Article I § 10 [sic] of the Ohio Constitution and the Fifth,Sixth, and Fourteenth Amendments of the United States Constitution."
Sixth Assignment of Error:
"Indictment which contained three (3) prior convictions to satisfy element of one (1) prior conviction was invalid; the admission O [sic] three (3) prior convictions into evidence by prosecutor to satisfy one (1) prior conviction element; trial court's instruction of three (3) prior convictions to satisfy element of one (1) prior conviction defense counsel's failure to object to indictment admission of evidence, and jury instructions all combined to deny appellant his due process guarantee to a air [sic] trial."
Seventh Assignment of Error:
"Trial couosel [sic] was ineffective for not obtaining the appellant's medical records O [sic] two hip replacement surgeries as a legitimate reason for appellant's failure to perform the field sobriety test and inability to walk."
 {¶ 3} In the early hours of October 20, 2003, Portsmouth Police Officer Michael Hamilton was on routine patrol when he observed a pick-up truck with a partially obscured license plate. Officer Hamilton followed the truck and radioed for a LEADS check on several possible license numbers.[3] While waiting for the LEADS check, Officer Hamilton observed the truck swerve into the oncoming traffic lane and then swerve back into its own lane of travel and almost collide with a parked car. This prompted Officer Hamilton to activate his lights. Appellant, however, continued driving until he reached his home.
 {¶ 4} Once appellant arrived home and exited his truck, Officer Hamilton observed appellant's flushed face, bloodshot eyes and slow motor movement. Appellant also failed to satisfactorily perform a number of physical coordination tests. Officer Hamilton requested back-up and, when Patrolman David Brown arrived, appellant was placed under arrest and read his Miranda rights. Subsequently, appellant refused to take a breath test, but he did freely admit that he consumed "quite a few" beers, was "fucked up" and "so drunk that [he] didn't even know that [he] left [his] house."
 {¶ 5} On November 19, 2003, the Scioto County Grand Jury returned an indictment charging appellant with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and with a further specification that appellant had three previous convictions thus making this offense a third degree felony. The matter came on for jury trial on April 19, 2004.
 {¶ 6} At trial, Officers Hamilton and Brown recounted the events of that evening. Three of appellant's previous DUI convictions were also admitted into evidence. Appellant offered no evidence in his defense and the jury returned a verdict of guilty. The trial court sentenced appellant to five years imprisonment and a suspension of his driver's license for life. This appeal followed.
 I {¶ 7} We jointly address appellant's first and second assignments of error wherein he argues that Officer Hamilton made an unconstitutional stop of his vehicle, and then while at the police station denied him access to counsel.
 {¶ 8} Generally, challenges to evidence on the grounds it has been "illegally obtained," including alleged violations of Fourth
and Fifth Amendment rights, must be raised in a pretrial motion to suppress evidence. If not, the issues are generally deemed waived. See Traf. R. 11(B)(2)(a) (F); State v. Barna (Nov. 9, 1994), Montgomery App. No. 14425; see, also, Painter, Ohio Driving Under the Influence Law (2003 Ed.) 147, §§ 11.4 11.5. We have found no such motion filed below and we cannot consider these issues for the first time on appeal. Accordingly, we hereby overrule appellant's first and second assignments of error.
 II {¶ 9} We next consider appellant's third, fourth and seventh assignments of error which address, to one degree or another, the assertion that appellant received constitutionally ineffective assistance of counsel during the proceedings below.
 {¶ 10} At the outset we note that, to obtain reversal of a conviction on the grounds of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. See Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674,104 S.Ct. 2052; also see State v. Issa (2001), 93 Ohio St.3d 49, 67,752 N.E.2d 904; State v. Goff (1998), 82 Ohio St.3d 123, 139,694 N.E.2d 916. Additionally, we note that both prongs of this test need not be analyzed if a claim can be resolved under only one of them. See State v. Madrigal (2000), 87 Ohio St.3d 378, 389,721 N.E.2d 52. Thus, if a claim can be resolved because a defendant has not shown prejudice, that course of action should be followed. See State v. Loza (1994), 71 Ohio St.3d 61, 83,641 N.E.2d 1082.
 {¶ 11} Appellant's first argument is that he received ineffective assistance from "stand-in" counsel during the "preliminary" stage of the proceedings in Municipal Court. In particular, he claims that "stand-in" counsel told him to sign a waiver of preliminary hearing or he could not get released from jail on bond. We note that the matters to which appellant refers occurred while his case was initially lodged in the Municipal Court and there is no record of them here. Although appellant attached a copy of his "waiver" from that court to his brief, we cannot consider exhibits attached to briefs that are not part of the record on appeal. App.R. 12(A); also see State v. Stewart,
Washington App. No. 02CA29, 2003-Ohio-4850, at ¶ 9. Moreover, even if we could consider appellant's "waiver", appellant points to nothing in the record to establish that his waiver was involuntary. Finally, appellant has not explained how he was prejudiced by waiving a preliminary hearing in Municipal Court — particularly when he was indicted by the Scioto County Grand Jury just a few weeks later.
 {¶ 12} Appellant's next argument goes to appellant's trial counsel's March 16, 2003 "motion to withdraw." We note that the trial court overruled this motion the following day. Appellant asserts that this constitutes error and that the court should have held a hearing to determine the "extent of the possible conflict of interest." We disagree.
 {¶ 13} First, we note that trial counsel's motion to withdraw does not cite a conflict of interest. Rather, it states that appellant would not cooperate and kept mentioning that he intended to replace him with new counsel. Second, appellant does not establish that a conflict of interest did, in fact, exist. Thus, appellant fails to establish prejudice. Third, the reason the trial court expressed for overruling counsel's motion was that appellant failed to appear for a pre-trial conference. The trial court indicated, however, that it would consider such a request again if appellant was apprehended on an outstanding bench warrant. This indicates appellant was not present, even if the court had held a hearing. Moreover, appellant could have filed his own motion later in the proceedings but he failed to do so.
 {¶ 14} Appellant's final argument is that counsel provided ineffective assistance because he did not obtain and introduce medical records to show that appellant had hip replacement surgery. Appellant contends that this evidence would have explained his "failure to perform the field sobriety test and inability to walk." We note that although several comments during the trial court proceeding refer to appellant's hip replacement surgery, we find no definitive proof that such medical records exist. Without such proof, appellant cannot establish prejudice. Furthermore, while hip replacement surgery may conceivably have helped to explain appellant's inability to walk, it would not have explained his failure of all of the field sobriety tests[4] or the other indicia of his intoxication.[5]
 {¶ 15} For these reasons, we find no merit in appellant's third, fourth or seventh assignments of error and they are hereby overruled.
 III {¶ 16} Appellant asserts in his fifth assignment of error that he did not receive a fair trial because the prosecutor elicited testimony that characterized him as a "habitual alcoholic" and further revealed that the police had previously visited his home on a domestic violence call. As to the habitual alcoholic comment, we note that no objection was interjected to that comment at trial. Thus, the issue has been waived. SeeState v. Slagele (1994), 65 Ohio St.3d 597, 604,605 N.E.2d 916; State v. Gordon (1971), 28 Ohio St.2d 45, 276 N.E.2d 243, at paragraph two of the syllabus (appellate court will not generally consider an assigned error which counsel could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court).
 {¶ 17} With respect to the domestic violence call, we note that trial counsel objected and requested that the remark be stricken. The trial court sustained the objection and instructed the jury to disregard the comment. Generally, juries are presumed to follow limiting instructions. See State v. DeMastry,155 Ohio App.3d 110, 799 N.E.2d 229, 2003-Ohio-5588, at ¶ 84; Statev. Williams, Franklin App. Nos. 02AP-730, 02AP-731, 2003-Ohio-5204, at ¶ 32. Moreover, in light of the uncontroverted testimony that appellant was very intoxicated that evening, we cannot conclude that these few comments deprived him of a fair trial.
 {¶ 18} Accordingly, we hereby overrule appellant's fifth assignment of error.
 IV {¶ 19} Appellant asserts in his sixth assignment of error that he was unduly prejudiced by introduction into evidence of three prior driving while under the influence convictions when only one was needed under the statute. We disagree.
 {¶ 20} We note that the indictment charged that appellant had three previous DUI convictions. Thus, those convictions are elements of the offense. To convict appellant of a felony DUI charge, the prosecution was required to prove beyond a reasonable doubt either (1) three prior DUI convictions within the last six years or (2) a prior felony DUI. See Painter, supra at 288-289; § 19.33. By introducing into evidence those convictions, the prosecution simply complied with its burden of proof. We also note that according to the trial court's sentencing entry, the instant case represents appellant's eighteenth (18th) DUI conviction. Additionally, it is difficult to discern how either the evidence of such prior convictions, or the testimony of the probation officers that laid the groundwork for their introduction, prejudiced appellant in light of the considerable and uncontroverted evidence of his inebriation.
 {¶ 21} Accordingly, for all these reasons, we hereby overrule appellant's sixth assignment of error.
 {¶ 22} Having reviewed all the errors assigned and argued in the briefs, and having found merit in none of them, we hereby affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Jugment Opinion
[2] Appellant's brief has no "statement of the assignments of error" as required by App.R. 16(A)(3). Thus, we take these assignments of error from his table of contents.
[3] Officer Hamilton testified that a trailer hitch obscured one of the letters on the plate and he could not tell if it was an "E" or an "F." He then requested that each possible license plate number be run through the database.
[4] Field sobriety tests that appellant performed included the "finger to nose" test, reciting the alphabet and counting backward from 31 to 17. Obviously, these would not be affected by hip replacement surgery. As for the horizontal gaze nystagmus test, Officer Hamilton stated appellant was too intoxicated to comply with his instructions.
[5] Appellant also exhibited a flushed face, slurred speech, bloodshot eyes and smell of alcohol together with his remarks to police officers, that he was "fucked up" and that he had consumed too many beers.