[Cite as *State v. Whitman*, 2019-Ohio-2307.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case Nos. 18-COA-030 & 18-COA-031 |
| | : | |
| JOHNATHON L. WHITMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeals from the Ashland Municipal
Court, Case Nos. 18TRC02922 &
18CRB00335


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      June 10, 2019


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

ANDREW N. BUSH                          JOSEPH P. KEARNS, JR.
Asst. Law Director                      MASON, MASON & KEARNS
1213 E. Main St.                        153 West Main St.
Ashland, OH 44805                       P.O. Box 345
                                        Ashland, OH 44805

*Delaney, J.*

{¶1}   Appellant Johnathon L. Whitman appeals from the July 12, 2018 Journal Entry of the Ashland Municipal Court.  Appellee is the state of Ohio.

{¶2}   This case is related to, but not consolidated with, Fifth District Court of Appeals, Ashland County case number 18-COA-031, which arose from related Ashland Municipal Court case number 18TRC02922.

**FACTS AND PROCEDURAL HISTORY**

{¶3}   The following facts are adduced from the record of appellant's jury trial, at which Sgt. Bradley Bishop of the Ohio State Highway Patrol was the sole witness.

{¶4}   This case arose on March 15, 2018, around 9:30 p.m. when Bishop was on routine patrol northbound on Township Road 555 in Ashland County, near U.S. Route 30. Bishop described this portion of roadway as narrow with no markings.  As he approached a stop sign on Route 30, he observed headlights coming toward him in his lane of travel. He stopped, and saw the silhouette of a vehicle sitting in the southbound lane.  The headlights coming toward him were those of a vehicle going around the stopped vehicle, which had to enter Bishop's lane to do so.  Once the second vehicle had safely passed, Bishop stopped to take a closer look at the parked vehicle sitting in the roadway.

{¶5}   Bishop described the location of the vehicle stopped in the roadway as less than 100 feet from U.S. Route 30, in the southbound lane of travel on Township Road 555.  The vehicle was not pulled over onto the berm; it was fully in the roadway.  The location of the vehicle required other southbound traffic to go around it.

{¶6}   As he approached the stopped vehicle, he discovered appellant sitting in the driver's seat, asleep or otherwise unresponsive.  Appellant's foot was on the brake

and a key was in the ignition. Bishop tapped on the driver's window to wake appellant but he remained unresponsive. Bishop noticed there was no front tag on the vehicle, and the rear temporary tag had expired in October. Bishop went to his cruiser to run the vehicle information and to contact dispatch.

{¶7} He returned to the vehicle and again attempted to wake the driver with no success. At this point Bishop suspected a medical problem or potential overdose, although he could see appellant was breathing. Bishop opened the driver's door and appellant "came to." Bishop immediately smelled the odor of raw marijuana emanating from the vehicle and questioned appellant about why he was stopped in the roadway.

{¶8} Bishop described his training and experience in detection of substance abuse and recognition of impaired drivers. He is a 20-year veteran of the Ohio State Highway Patrol and has completed hundreds of impaired-driving investigations. He immediately noticed appellant's eyes were bloodshot and glassy with dilated pupils, and appellant was confused.

{¶9} Bishop asked appellant to step out of the vehicle and when he did so, appellant was unaware that a hat on his lap fell to the ground. As he bent over to retrieve it, Bishop detected the odor of marijuana emanating from appellant's person. A pat-down search of appellant yielded rolling papers and an empty plastic bag that smelled like marijuana.

{¶10} Appellant said the vehicle broke down and he was waiting for his aunt to bring him a key, but Bishop pointed out the key was in the ignition. Appellant said he had traveled to Mansfield to "meet a girl from Facebook" and he had been stopped on the roadway for about 15 minutes. When asked what time it was, though, appellant believed

it was "between 11 and 12" when the time was actually shortly after 10:00 p.m. Bishop asked how appellant drove the car, purportedly with no key, and appellant then said he was out of gas and waiting for his aunt and uncle to bring him gas. Appellant at first said his aunt owned the vehicle, but the expired registration and vehicle title were in the name of a male friend whom appellant the claimed had let him use the vehicle for the last six months.

{¶11} Bishop noted the night was extremely cold and he placed appellant in his patrol car to question him further. Appellant said he smoked marijuana "a few hours ago" and had last smoked methamphetamine "a few weeks ago." Appellant submitted to standardized and non-standardized field sobriety tests. His performance on the horizontal gaze nystagmus test indicated he was not under the influence of alcohol, but his performance on the walk-and-turn and one-leg stand tests indicated to Bishop he was impaired. Appellant was able to successfully count backwards and to recite a portion of the alphabet.

{¶12} Bishop arrested appellant for O.V.I. on the basis of the odor of marijuana, appellant's admission to smoking marijuana, and the discovery of the baggie and rolling papers. Bishop also cited appellant's bloodshot, glassy eyes, dilated pupils, and his performance on the field-sobriety tests.

{¶13} Upon checking appellant's driving status through his in-car computer, Bishop discovered appellant had no driving privileges and was operating under a 12-point license suspension. He also had two prior O.V.I. convictions, in 2014 and 2015.

{¶14} Appellant was asked to submit to a chemical test and was advised of the consequences of refusal. Appellant refused to submit to a urine test. The B.M.V. 2255

form, admitted at trial as Appellee's Exhibit 2, indicates appellant refused to submit to chemical testing and was placed on an administrative license suspension pursuant to R.C. 4511.191. The form further notes the trooper's reasonable grounds for an O.V.I. arrest included "asleep at wheel, glassy eyes, indication of drug use, SFSTs."

{¶15} During a vehicle inventory search, troopers found a small amount of marijuana in the center console of the vehicle and another pack of rolling papers. A small portion of a cut straw containing white powdery residue was found on the center of the driver's-side floor mat. These items were submitted to the O.S.P. crime lab for analysis. The straw and residue tested positive for methamphetamine.[1] The plastic bag containing plant material tested as .825 grams of marijuana.

{¶16} Appellee's exhibits at trial included the videotape of appellant's arrest; certified copies of appellant's two prior O.V.I. convictions; a certified copy of his B.M.V. driving history indicating he was under a 12-point suspension at the time of this arrest; the crime lab reports; and Bishop's impaired-driver report.

{¶17} Appellant was charged by Uniform Traffic Ticket (U.T.T.) with one count of O.V.I. (third offense) pursuant to R.C. 4511.19(A)(1)(a); one count of O.V.I. pursuant to R.C. 4511.19(A)(2); one count of driving under 12-point suspension pursuant to R.C. 4510.37; and one count of expired tags pursuant to R.C. 4503.11. The U.T.T. notes appellant has two prior O.V.I. convictions and that the dates of those convictions are 2014 and 2015.

---

[1] At sentencing, the trial court noted appellant was not charged for the straw containing methamphetamine.

{¶18} Appellant was also charged with one count of marijuana possession pursuant to R.C. 2925.11(C)(3), a misdemeanor of the fourth degree, and one count of possession of drug paraphernalia pursuant to R.C. 2925.14(C), a minor misdemeanor.

{¶19} Appellant entered pleas of not guilty and the matter proceeded to trial by jury on July 11, 2018. Appellant moved for a judgment of acquittal pursuant to Crim.R. 29(A) at the close of appellee's evidence but the motion was overruled. Appellant was found guilty as charged. The trial court sentenced appellant to jail terms of 365 days upon the first O.V.I. count and 180 days upon the D.U.S. count, to be served consecutively. The trial court further sentenced appellant to a jail term of 30 days upon the count of possession of drug paraphernalia, to be served concurrently with the traffic charges.

{¶20} At sentencing, the trial court noted this was appellant's third O.V.I. offense in 10 years. The trial court observed appellant refused to take responsibility for his creation of a highly-dangerous situation: passed out in a blacked-out vehicle in the middle of a roadway, at night. The trial court noted appellant "seemed stoned" on the video and was disrespectful to Bishop. The trial court found this was the worst form of the offense, meriting the maximum sentence, based upon the circumstances of appellant passed out in the roadway, his history of O.V.I. arrests; his lack of driving privileges and auto insurance; and the fact that he could have gone to prison instead for the straw containing methamphetamine.

{¶21} Appellant now appeals from the July 12, 2018 Journal Entries.

{¶22} Appellant raises five assignments of error:

**ASSIGNMENTS OF ERROR**

{¶23} "I.  THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF MORE THAN ONE PRIOR OVI CONVICTION IN THE PRECEDING 20 YEARS."

{¶24} "II.  THE TRIAL COURT ERRED IN ALLOWING THE PRESENTATION OF THE CASE AGAINST HIM BY THE STATE OF OHIO, LAB REPORTS NO TESTIFIED TO."  (*SIC*).

{¶25} "III.  THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEREIN COUNSEL FAILED TO OBJECT TO THE INTRODUCTION OF EVIDENCE AND FAILED TO REQUEST A LESSER-INCLUDED OFFENSE OF PHYSICAL CONTROL."

{¶26} "IV.  THE CONVICTION OF THE DEFENDANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶27} "V.  THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO THE MAXIMUM JAIL SENTENCES IN THE OVI AND DRIVING UNDER SUSPENSION MATTERS AND RUNNING THEM CONSECUTIVE TO EACH OTHER."

**ANALYSIS**

I.

{¶28} In his first assignment of error, appellant argues the trial court erred in admitting evidence of two prior O.V.I. convictions.  We disagree.

{¶29} Appellant was charged with, e.g., O.V.I. pursuant to R.C. 4511.19(A)(2). That section states in pertinent part:

No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:

(a) Operate any vehicle * * * within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

(b) Subsequent to being arrested for operating the vehicle, * * *, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

{¶30} A prior O.V.I. conviction within 20 years is an element of R.C. 4511.19(A)(2). *State v. Holland*, 5th Dist. Stark No. 2011 CA 00104, 2012-Ohio-486, ¶ 19. In *State v. Hoover,* 123 Ohio St.3d 418, 2009–Ohio–4993, the Ohio Supreme Court stated:

It is crucial to note that the refusal to consent to testing is not, itself, a criminal offense. The activity prohibited under R.C. 4511.19(A)(2) is operating a motor vehicle while under the influence of drugs or alcohol. A person's refusal to take a chemical test is simply an additional element that must be proven beyond a reasonable doubt **along with the person's previous DUI**

**conviction** to distinguish the offense from a violation of R.C. 4511.19(A)(1)(a). [Emphasis added.]

{¶31} We have therefore previously found that a trial court did not err in allowing appellee to present evidence of a defendant's prior conviction "as such was an element of the offense for which the State bears the burden of proof." *Holland*, supra, 2012-Ohio-486 at ¶ 21; see also, *State v. Leasure*, 4th Dist. No. 15CA3484, 2015-Ohio-5327, 43 N.E.3d 477 [prior O.V.I. conviction within 20 years is essential element of R.C. 4511.19(A)(2) which state was required to prove beyond reasonable doubt, trial court did not err in admitting evidence of prior O.V.I. conviction, and did not err in refusing to accept defendant's proposed stipulation as to the existence of prior OVI conviction]; *Parma v. Benedict*, 8th Dist. Cuyahoga No. 101480, 2015-Ohio-3340 [no error in admission of evidence of prior O.V.I. conviction]; *State v. Martin*, 4th Dist. Scioto No. 04CA2946, 2005-Ohio-4059, ¶ 21 [appellant not unduly prejudiced by introduction of three prior O.V.I. convictions when only one was needed under the statute because "prosecution simply complied with its burden of proof"]; *State v. Miller*, 12th Dist. Warren No. CA2011-02-013, 2012-Ohio-997 [trial court errs in granting motion to bifurcate proceedings and exclude evidence of prior O.V.I. conviction].

{¶32} Appellant argues, however, that the statute requires proof of only "a conviction," and evidence of two or more prior convictions is merely a sentencing factor for the trial court to consider. We note, however, that pursuant to R.C. 4511.19(G)(1)(c), the existence of two or more O.V.I. convictions within ten years elevates the instant O.V.I. offense from a first-degree misdemeanor (punishable by up to six months in jail) to the level of "a misdemeanor" (punishable by up to one year in jail).

{¶33} Appellant summarily argues that admission of evidence of two prior O.V.I. conviction was prejudicial and led the jury to convict him of O.V.I. in the instant case in the absence of other evidence. We disagree.

{¶34} The admission or exclusion of relevant evidence is a matter left to the sound discretion of the trial court. Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967).

{¶35} The evidence of appellant's prior convictions consisted of certified copies of the judgment entries of conviction. (Appellee's Exhibits 4 and 5). Pursuant to R.C. 2945.75(B)(1), "[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." Appellant does not point to any deficiency in the evidence provided by appellee.

{¶36} Moreover, at no time prior to or during trial did appellant object to admission of both prior convictions. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Maitlen*, 5th Dist. Licking No. 18-CA-46, 2019-Ohio-859, ¶ 29, citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978) at paragraph one of the syllabus; Crim.R. 52(B). Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places several limitations on a reviewing court's determination to correct an error despite the absence of timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," that is, an error that

constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial." *State v. Dunn*, 5th Dist. No. 2008-CA-00137, 2009-Ohio-1688, citing *State v. Morales*, 10 Dist. Nos. 03-AP-318, 03-AP-319, 2004-Ohio-3391, at ¶ 19 (citation omitted). The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Barnes*, supra, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶37} We find no error in admission of the prior convictions, and appellant makes only a nebulous claim of prejudice, arguing that the mere mention of a prior conviction will lead a jury to convict. As appellant concedes, the trial court gave a limiting jury instruction stating that evidence of the prior convictions was admitted "for the sole and limited purposes" of proving appellant had prior O.V.I. convictions within 20 years and could not be used to determine whether he was operating a vehicle under the influence in the instant case. (T. 119-120). The jury is presumed to follow the instructions of the trial court. *Pang v. Minch*, 53 Ohio St.3d 186, 187, 559 N.E.2d 1313 (1990), paragraph four of the syllabus. Appellant has not pointed to any evidence in the record that the jury failed to do so in this case.

{¶38} We find the trial court did not abuse its discretion in admitting evidence of appellant's two prior O.V.I. convictions, nor does the admission of the evidence rise to the level of plain error. Appellant's first assignment of error is overruled.

II.

{¶39} In his second assignment of error, appellant argues the trial court erred in permitting appellee to introduce evidence of the crime-lab test results through the trooper, rather than requiring a crime-lab technician to testify. We disagree.

{¶40} Appellee's Exhibit 1 is the report of the controlled-substance examination of the Ohio State Highway Patrol crime lab, signed by Criminalist Alena V. Boyko and containing the affirmations required by R.C. 4511.19(E). Pursuant to that section, such a report "shall be admitted as prima-facie evidence of the information and statements that the report contains," unless the defendant or defendant's attorney demands the testimony of the person who signed the report within seven days of receiving the report. As appellant concedes, Appellee's Exhibit 1 contains the same language in the text of the report itself. No such demand for the criminalist's testimony was made in the instant case, nor was any objection raised when Bishop testified to the lab results; nor was any objection raised to admission of Appellee's Exhibit 1.

{¶41} We have reviewed the decision to admit the lab report through the arresting officer for plain error and find none. Appellant has not pointed to any flaw in the test results, or to any prejudice that arose from Bishop testifying to the results as opposed to the criminalist herself. Nor has he pointed to any deficiency in the testimony or any other benefit that would have inured to him if the criminalist had testified.

{¶42} Appellant's second assignment of error is therefore overruled.

III.

{¶43} In his third assignment of error, appellant argues he received ineffective assistance of counsel. We disagree.

{¶44} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶45} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690. Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶46} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *State v. Bradley,* 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989) quoting *Strickland* at 697, 104 S.Ct. 2052. Accordingly, we will direct our attention to the second prong of the *Strickland* test.

{¶47} Appellant makes two claims of ineffective assistance of trial counsel: failure to object and failure to request a jury instruction on a lesser-included offense. We will examine each in turn.

{¶48} First, appellant cites the issues which arose in our review of the first and second assignments of error, including failing to object to admission of more than one prior O.V.I. conviction and failing to object to admission of the crime lab results through the arresting officer. As noted supra, there was no error in admission of more than one prior conviction, and no error in admission of the lab report without testimony of lab personnel. Thus neither issue rises to the level of ineffective assistance.

{¶49} Appellant also points to counsel's failure to object to Bishop's testimony that appellant had several operator's-license suspensions on his driving history. We have reviewed the statement in the context of his entire testimony and note Bishop stated he checked appellant's driver status through his in-car terminal and learned the following:

> [Appellant] had several suspensions from out of different Courts, for what exactly, I don't know, but his license was suspended so he didn't currently have driving privileges, and that he had two prior violations for drug convictions for operating under the influence in 2014 and 2015.
>
> T. 34.

{¶50} The trial court then recessed for lunch, and when Bishop returned to the stand, appellee moved on to questions about Bishop's decision to arrest. Therefore Bishop's final statement about the prior convictions is ambiguous at best. As we discussed supra, evidence of those prior convictions was properly introduced and referred

to throughout the trial so we are unwilling to discern prejudice to appellant from this isolated comment.

{¶51} Appellant also asserts trial counsel should have objected to admission of his certified driving record from the B.M.V., but offers no basis for such an objection. The certified copy of the B.M.V. driving record is admissible pursuant to R.C. 2945.75(B)(2) and appellant points to no deficiency in the record. The certified copy of his driving record was a topic of discussion outside the presence of the jury, defense trial counsel requested redactions, and the trial court agreed.

{¶52} The instances of failure to object cited by appellant may be reasonably attributed to trial strategy. Trial strategy and even debatable trial tactics do not establish ineffective assistance of counsel. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101. Strategic choices made after substantial investigation "will seldom if ever" be found wanting. *Strickland*, supra, 466 U.S. at 681, 104 S.Ct. 2052. Moreover, the failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel. *State v. Crawford*, 5th Dist. No. 07 CA 116, 2008-Ohio-6260, 2008 WL 5077638, ¶ 72, appeal not allowed, 123 Ohio St.3d 1474, 2009-Ohio-5704, 915 N.E.2d 1255, citing *State v. Fears*, 86 Ohio St.3d 329, 347, 715 N.E.2d 136 (1999). Ultimately we find no reasonable probability the outcome of the trial would have been different had appellant's argued objections been raised. See, *State v. Graber*, 5th Dist. No. 2002CA00014, 2003-Ohio-137, 2003 WL 124283, ¶ 154, appeal not allowed, 101 Ohio St.3d 1466, 2004-Ohio-819, 804 N.E.2d 40.

{¶53} Appellant also summarily argues defense trial counsel should have "requested a lesser-included offense of physical control." Although not specified,

presumably appellant infers defense trial counsel should have requested a jury instruction on physical control.

{¶54} We note appellant has not presented us with any authority in support of his premise that physical control is a lesser-included offense of O.V.I. under the circumstances of the instant case. In fact, the offense of physical control is not necessarily a lesser-included offense of O.V.I. Weiler, Oh. Driving Under Influence L. 2:15 (2018 ed.). R.C. 4511.194(B)(1) states in pertinent part, "[n]o person shall be in physical control of a vehicle * * * if, at the time of the physical control, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." "Physical control" means being in the driver's position of the front seat of a vehicle * * * and having possession of the vehicle's * * * ignition key or other ignition device." R.C. 4511.194(A)(2).

{¶55} Even if we were to assume physical control is a lesser-included offense of O.V.I. in the instant case, a trial court is required to give a jury instruction on a lesser included offense "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), at paragraph two of the syllabus. We find that the evidence presented at trial would not reasonably support an acquittal on O.V.I. and a conviction on physical control. *Thomas*, supra, at paragraph two of the syllabus.

{¶56} An instruction on physical control would be required only if the jury could have reasonably found that appellant did not operate the vehicle. *State v. Hlinovsky*, 7th Dist. Belmont No. 09 BE 19, 2011-Ohio-6421, ¶ 95; see also, *State v. Landers*, 2d Dist. Greene No. 2015-CA-74, 2017-Ohio-1194. In the instant case, appellant admitted to

driving the vehicle from Mansfield and no evidence has ever been offered to the contrary. We have reviewed the videotape of Bishop's interaction with appellant and appellant freely admits he drove the vehicle from Mansfield and was alone in the vehicle. "Operation" was not in dispute at any point during the stop. To find appellant not guilty of O.V.I., but guilty of physical control, the jury would have to find that appellant did not cause "movement" of the vehicle, but was in "physical control" of the vehicle because he was in the driver's seat and in possession of the ignition key. Viewing the evidence in the light most favorable to appellant, the record fails to support a finding that he did not cause "movement" of the vehicle. *State v. Burnett*, 2018-Ohio-109, 109 N.E.3d 61, ¶ 25 (2nd Dist.). By appellant's own account, he operated the vehicle.

{¶57} Having found no basis for an instruction upon physical control, defense trial counsel was not ineffective in failing to request one.

{¶58} We find appellant did not receive ineffective assistance of defense trial counsel and his third assignment of error is overruled.

IV.

{¶59} In his fourth assignment of error, appellant argues his convictions are against the manifest weight of the evidence. We disagree.

{¶60} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the

evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.   The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶61} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶62} Appellant summarily argues his convictions are against the manifest weight of the evidence because there was insufficient evidence of the timing of his alleged operation of the vehicle; Bishop smelled "raw" marijuana, not "smoked" marijuana; appellant was able to complete the non-standardized field sobriety tests; and his eyes might have been dilated for reasons other than drug use.  The minor deficiencies in the evidence appellant points to go to the credibility of the witness and the evidence, which was for the trial court to resolve. *State v. Staton*, 5th Dist. Knox No. 14CA13, 2014-Ohio-5131, ¶ 21.  Appellant argues the evidence of the field sobriety tests and the trooper's testimony are insufficient to establish his guilt beyond a reasonable doubt, but the weight

of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough,* 95 Ohio St.3d 227, 2002–Ohio–2126, 767 N.E.2d 216, ¶ 79. Moreover, the testimony of a single witness, if believed by the trier of fact, is sufficient to support a conviction. *State v. Cunningham,* 105 Ohio St.3d 197, 2004–Ohio–7007, 824 N .E.2d 504, at ¶ 51–57. In the case sub judice, the jury credited the uncontroverted testimony of a patrol sergeant trained and experienced in detection of O.V.I. *State v. Nash*, 5th Dist. Stark No. 2014CA00159, 2015-Ohio-3361, ¶ 20.  We note the trooper's testimony is also corroborated by the videotape which permitted the jury to observe appellant's demeanor for themselves.  *Id.*

{¶63} Upon our review of the record, including the videotape, we find appellant's convictions are not against the manifest weight of the evidence. The jury, as the trier of fact, was in the best position to weigh the evidence and judge the credibility of the witness on the issue of whether appellant operated his vehicle while under the influence of a drug of abuse. "[A] conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Williams,* 12th Dist. Warren No. CA2012–08–080, 2013–Ohio–3410, ¶ 35.

{¶64} Any rational trier of fact could have found the essential elements of O.V.I., D.U.S., possession of marijuana, and possession of drug paraphernalia proven beyond a reasonable doubt. Nor is this the exceptional case in which the evidence weighs heavily against a conviction. Appellant's fourth assignment of error is therefore overruled.

V.

{¶65} In his fifth assignment of error, appellant argues the trial court erred in sentencing him to a maximum jail term.  We disagree.

{¶66} Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. *State v. Thadur*, 2016-Ohio-417, 59 N.E.3d 602, ¶ 11 (5th Dist.), citing *State v. Smith,* 9th Dist. Wayne No. 05CA0006, 2006-Ohio-1558, 2006 WL 826128, ¶ 21, internal citation omitted. *See, also, State v. Chadwick,* 5th Dist. Knox No. 08CA15, 2009-Ohio-2472, 2009 WL 1485036, ¶ 30. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is unreasonable if it is unsupportable by any sound reasoning process. *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990) (arguments on abuse of discretion typically contend a decision was unreasonable, rather than unconscionable or arbitrary).

{¶67} Furthermore, there is no requirement that a trial court, in sentencing on misdemeanor offenses, specifically state its reasons on the record. *State v. Harpster,* 5th Dist. Ashland No. 04COA061, 2005-Ohio-1046, 2005 WL 567319, ¶ 20.

{¶68} R.C. 2929.21(A) first states that "[a] court that sentences an offender for a misdemeanor * * * shall be guided by the overriding purposes of misdemeanor sentencing. * * *." The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A). In order to achieve those purposes, a sentencing court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public,

or the victim and the public." *Id.; Thadur*, supra, 2016-Ohio-417 at ¶ 13, citing *State v. Coleman,* 4th Dist. Scioto No. 05CA3037, 2006-Ohio-3200, 2006 WL 1719348, ¶ 21.

{¶69} In addition, R.C. 2929.21(B) states in pertinent part as follows: "A sentence imposed for a misdemeanor * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."

{¶70} Thus, under R.C. 2929.21(A) and (B), in order to achieve the purposes of protecting the public from future crime and punishing the offender, the sentencing court is to *inter alia* consider the offender's conduct, the impact of the offender's conduct on the victims, and the consistency of the sentence with sentences for similar offenses. *Thadur*, supra, 2016-Ohio-417 at ¶ 15.

{¶71} A jail term for a misdemeanor shall be served consecutively with any other jail term when the trial court specifies it is to be served consecutively. R.C. 2929.41(B)(1) (with the aggregate term not to exceed 18 months). In contrast to consecutive prison terms for felonies imposed under R.C. 2929.14(C)(4), trial courts are authorized to order consecutive jail terms for misdemeanor offenses (up to 18 months) without making consecutive sentence findings. *State v. Burley*, 7th Dist. No. 16 MA 0076, 2017-Ohio-378, 83 N.E.3d 322, ¶ 10, citing *State v. Alexander*, 8th Dist. No. 102708, 2016-Ohio-204, 2016 WL 299272, ¶ 4.

{¶72} The 365-day jail term is within the statutory range for an O.V.I. offense if the offender has two prior convictions within 10 years. R.C. 4511.19(G)(1)(c). The trial court

specified the 180-day sentence upon the D.U.S. offense was to be served concurrently, and the 30-day sentence for drug paraphernalia was to be served concurrently. The trial court explicitly noted this was the worst form of the offense; this is appellant's third O.V.I. in a short period of time. He was stopped with no headlights or other illumination of his vehicle, in the roadway, a very short distance from Route 30. The trial court characterized this as a highly-dangerous situation, and we agree based upon the videotape. The trial court noted appellant "seemed stoned" on the videotape and was disrespectful to Bishop. Appellant failed to take any responsibility for his actions. Appellant did not appreciate that he was not charged with a felony for the methamphetamine residue in the straw found at his feet. Appellant had no vehicle insurance and nine prior convictions for driving under suspension. Under these circumstances, we are unable to find that the trial court abused its discretion in finding that anything less than a maximum sentence would demean the seriousness of the offense.

{¶73} Appellant's fifth assignment of error is overruled.

**CONCLUSION**

{¶74} Appellant's five assignments of error are overruled and the judgment of the Ashland Municipal Court is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.