[Cite as *State v. Mason*, 2025-Ohio-1040.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellant | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| RICHARD MASON, JR. | : | Case No. 2025 CA 00002 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Municipal Court,
Case No. TRC 2405062

JUDGMENT:        Reversed

DATE OF JUDGMENT:        March 25, 2025

APPEARANCES:

For Plaintiff-Appellant

JAMES E. YOUNG
136 West Main Street
Lancaster, OH  43130

For Defendant-Appellee

DAN SABOL
743 South Front Street
Columbus, OH  4326

*King, J.*

{¶ 1}   Plaintiff-Appellant the State of Ohio appeals the January 15, 2025 judgment of the Fairfield County Municipal Court which prevented the State from introducing evidence of Defendant-Appellee Richard Mason's previous OVI convictions. We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 29, 2024, at 12:46 a.m., Fairfield County sheriff's deputies were dispatched to State Route 158 and Stemen Road following reports of a vehicle in the middle of the road blocking traffic. Upon arrival, Deputy Mount discovered Mason parked in the road blocking two lanes of traffic and passed out behind the wheel of his car. Deputy Mount woke Mason and noted several signs of impairment. Mason refused to submit to field sobriety testing or chemical testing. Mason was arrested and charged with OVI third in 10 years pursuant to R.C. 4511.19 (A)(1)(a) and R.C. 4511.19(A)(2), third in 10 years, unclassified misdemeanors.

{¶ 3}   Mason has two prior OVI convictions. The State sought to introduce evidence of both convictions at trial. On January 10, 2025, Mason submitted a stipulation which read: "Defendant, pursuant to *Old Chief v. United States*, 519 U.S. 172 (1997) and *State v. Creech*, 150 Ohio St.3d 540, 2016-Ohio-8440, stipulates he was convicted of OVI under 4511.19A1A in 2018. This relieves the prosecution's burden of proving the element that Mason have [sic] a prior OVI conviction within the last 20 years."

{¶ 4}   On January 13, 2025, the State filed a reply arguing Mason's prior convictions are an essential element of R.C. 4511.19(A)(2) and Mason could not prevent the State from presenting both prior OVI convictions.

{¶ 5} On January 15, 2025 the trial court issued a judgment entry finding in relevant part:

2. Pursuant to *State v. Allen*, 29 Ohio St. 3d 53 (1997), evidence of the Defendant's two prior OVI convictions are not elements the state must prove to the trier-of-fact beyond a reasonable doubt in a 3rd in 10 years offense under R.C. 4511.19(A)(1)(a), but are relevant to the Court for purposes of sentencing pursuant to R.C. 4511.19(G). The Court acknowledges that a 3rd in 10 years OVI offense is elevated from a first-degree misdemeanor to an unclassified misdemeanor, but the offense remains a misdemeanor with enhanced sentencing penalties.

3. Defendant's prior OVI convictions in the past 20 years are an element of the offense of R.C. 4511.19(A)(2) that the State must prove to the trier-of-fact beyond a reasonable doubt. Defendant has submitted two separate and different stipulations in which the State has rejected. Pursuant to Evid.R. 403, the Court finds some merit in Defendant's argument that the admission of both of Defendant's prior OVI convictions could be more prejudicial than probative if the Defendant is willing to admit and concede that element of the R.C. 4511.19(A)(2) offense with the admission of one prior OVI conviction, but the Court rejects Defendant's two stipulations as presented. The Court will limit the State to just one prior OVI conviction but finds the

State is entitled to choose which prior conviction will be stipulated to, there must be an actual admission by the Defendant to an OVI conviction in the stipulation, and the location of the conviction must be admitted to in the stipulation. The Court rules that any admission of a prior OVI conviction by the Defendant must include this information as it would be presented to the trier-of-fact if the State were required to satisfy the prior OVI conviction beyond a reasonable doubt.

{¶ 6} On January 16, 2025, the State sought a continuance in order to file the instant appeal pursuant to R.C. 2945.67, arguing suppression of an essential element of a crime. The State raises one assignment of error as follows:

I

{¶ 7} "THE TRIAL COURT ERRED IN DETERMINING THAT APPELLEE'S PRIOR OVI CONVICTIONS ARE NOT NECESSARY ELEMENTS FOR THE STATE TO PROVE AT TRIAL FOR A CHARGE OF 4511.19(A)(1)(a) THIRD IN 10 YEARS, AND 4511.19(A)(2) THIRD OFFENSE IN 10 YEARS. THE TRIAL COURT ERRED BY STATING THAT THE PRIOR CONVICTIONS ARE MERELY FOR PURPOSES OF SENTENCING."

I

{¶ 8} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by

App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 9} This appeal shall be considered in accordance with the aforementioned rules.

{¶ 10} In its sole assignment of error, the State argues R.C. 4511.19(A)(2) requires the State to prove Mason has a prior OVI conviction within the last 20 years and that he refused to submit to a chemical test. The State additionally argues that because Mason's two prior convictions elevate the level of offense charged, it must also submit proof of both of Mason's prior convictions to the jury in order to prove the charges.

### Standard of Review

{¶ 11} The admission or exclusion of evidence lies in a trial court's sound discretion "so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271 (1991); *State v. Sage*, 31 Ohio St.3d 173 (1987). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

The Charges

{¶ 12} R.C. 4511.19(A)(1)(a) provides no person shall operate any motor vehicle while under the influence of alcohol, a drug of abuse or a combination of them.

{¶ 13} R.C. 4511.19(A)(2) provides:

No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:

"(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

"(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests."

Analysis

{¶ 14} Mason relies on *State v. Allen*, 29 Ohio St.3d 53 (1987), a matter also involving the admissibility of prior OVI offenses, to support his argument that the prior offenses are sentencing considerations only. The *Allen* Court found "[w]here the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact." *Allen* at syllabus. We note, however that R.C. 4511.19(A)(2) did not exist when *Allen* was decided and *State v. Hoover*, 2009-Ohio-4993 is the applicable case here. In that matter the Supreme Court of Ohio stated:

> It is crucial to note that the refusal to consent to testing is not, itself, a criminal offense. The activity prohibited under R.C. 4511.19(A)(2) is operating a motor vehicle while under the influence of drugs or alcohol. A person's refusal to take a chemical test is simply an additional element that must be proven beyond a reasonable doubt along with the person's previous DUI conviction to distinguish the offense from a violation of R.C. 4511.19(A)(1)(a).

{¶ 15} *Hoover* at ¶ 21.

{¶ 16} Relying on *Hoover,* this court and others have held a prior OVI conviction is an essential element of R.C. 4511.19(A)(2) that the state must prove beyond a reasonable doubt. *State v. Whitman*, 2019-Ohio-2307 ¶30-31 (5th Dist.); *State v. Kraus*,

2013-Ohio-393 ¶3 (2d Dist.); *Parma v. Benedict*, 2015-Ohio-3340 ¶13 (8th Dist.); *State v. Leasure*, 2015-Ohio-5327 ¶36 (4th Dist.); *State v. Harris*, 2017-Ohio-5594 ¶19 (1st Dist.); *State v. Varner* 2020-Ohio-1329 ¶ 33 (11th Dist.).

{¶ 17} Here, the trial court's judgment entry acknowledges that Mason's prior OVI is an essential element of the offense of R.C. 4511.19(A)(2). Entry, January 15, 2025 at paragraph 3. The trial court's decision allowed the State to admit one of Mason's prior convictions but found the admission of both more prejudicial than probative. *Id.* The State argues it must present evidence of both prior OVI offenses because two prior offenses elevate the level of the offense from a first-degree misdemeanor to an unclassified misdemeanor.

{¶ 18} In *State v. Whitman*, 2019-Ohio-2307 ¶30-31 (5th Dist.) we found no plain error in the admission of two prior OVI convictions. We noted that "pursuant to R.C. 4511.19(G)(1)(c), the existence of two or more O.V.I. convictions within ten years elevates the instant O.V.I. offense from a first-degree misdemeanor (punishable by up to six months in jail) to the level of "a misdemeanor" (punishable by up to one year in jail)." *Id.* ¶ 31. The appellant in that matter argued the admission of two prior convictions was prejudicial and led the jury to convict him. We disagreed:

> We find no error in admission of the prior convictions, and appellant makes only a nebulous claim of prejudice, arguing that the mere mention of a prior conviction will lead a jury to convict. As appellant concedes, the trial court gave a limiting jury instruction stating that evidence of the prior convictions was admitted "for the sole and

limited purposes" of proving appellant had prior O.V.I. convictions within 20 years and could not be used to determine whether he was operating a vehicle under the influence in the instant case. (T. 119-120). The jury is presumed to follow the instructions of the trial court. *Pang v. Minch*, 53 Ohio St.3d 186, 187, 559 N.E.2d 1313 (1990), paragraph four of the syllabus. Appellant has not pointed to any evidence in the record that the jury failed to do so in this case.

We find the trial court did not abuse its discretion in admitting evidence of appellant's two prior O.V.I. convictions, nor does the admission of the evidence rise to the level of plain error.

{¶ 19} *Whitman* ¶¶ 37-38. See also, *State v. Meadows*, 2019-Ohio-4943, ¶¶ 27-29 (5th Dist)

{¶ 20} In a similar challenge, the Fourth District found multiple previous OVI convictions were elements of the offense:

We note that the indictment charged that appellant had three previous DUI convictions. Thus, those convictions are elements of the offense. To convict appellant of a felony DUI charge, the prosecution was required to prove beyond a reasonable doubt either (1) three prior DUI convictions within the last six years or (2) a prior felony DUI. See *Painter*, supra at 288-289; § 19.33. By introducing

into evidence those convictions, the prosecution simply complied with its burden of proof.

{¶ 21} *State v. Martin*, 2005-Ohio-4059, ¶ 20 (4th Dist.), appeal not allowed, *State v. Martin*, 2006-Ohio-179.

{¶ 22} In accordance with the foregoing, because the existence of two prior offenses elevates the level of the offense as well as exposes Mason to increased punishment, the State is required to prove the existence of both prior offenses beyond a reasonable doubt. We therefore reverse the trial court's decision limiting the State to proving one offense and remand this matter for proceedings consistent with this opinion.

{¶ 23} The judgment of the Fairfield County Municipal Court is reversed.

By: King, P.J.

Popham, J. and

Gormley, J. concur.