[Cite as *State v. Baird*, 2015-Ohio-4539.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-098** |
| DENNIS I. BAIRD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Willoughby Municipal Court, Case No. 14 TRC 00727.

Judgment: Reversed, sentence vacated, and remanded.

*Judson J. Hawkins,* City of Eastlake Prosecutor, 37811 Lake Shore Boulevard, Eastlake, OH 44095 (For Plaintiff-Appellee).

*Judith M. Kowalski,* 333 Babbitt Road, #323, Euclid, OH 44123 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Dennis Baird appeals from the judgment of the Willoughby Municipal Court, entered on a jury verdict, convicting him of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), and failing to submit to chemical testing, having been previously convicted of driving under the influence in the past 20 years, in violation of R.C. 4511.19(A)(2)(a) and (b). We reverse, vacate the sentence, and remand.

{¶2} Shortly after 8:30 p.m. on February 1, 2014, Officer Richard Isabella of the Eastlake Police Department was parked in his cruiser in a commercial lot off Lakeshore Boulevard in Eastlake, when he received a message from dispatch. Dispatch told him an anonymous tipster had called to say that Dennis Baird, possibly drunk, and driving a green pickup truck, had left a bar in the City of Willoughby, and was headed eastbound on Lakeshore. Dispatch further advised that Mr. Baird was driving under license suspension. Moments later, Officer Isabella saw the green pickup, and recognized Mr. Baird, with whom the officer had previous encounters. Mr. Baird was not speeding. Officer Isabella began following. He saw Mr. Baird drift over the white line into an adjoining bicycle path. He saw Mr. Baird twice cross the center line. After a minute or two, Officer Isabella stopped Mr. Baird on a side street.

{¶3} Officer Isabella approached the truck. He testified that Mr. Baird had slurred speech, red, glassy eyes, and smelled of alcohol. On cross examination, the officer admitted that a smell of alcohol emanating from a person cannot help identify how much, or when, a person drank. Officer Isabella testified Mr. Baird stated, "I almost made it home – I think I was set up." Officer Isabella also testified he asked Mr. Baird to recite the alphabet twice, and Mr. Baird made mistakes each time. Mr. Baird admitted to having two drinks, and driving under suspension. Officer Isabella asked Mr. Baird the time of day, which was actually about 8:40 p.m. Mr. Baird replied it was 1:30 p.m.

{¶4} Officer Isabella had Mr. Baird exit the truck. The driver's door does not function: Mr. Baird had to leave through the passenger's door. Officer Isabella admitted Mr. Baird had no difficulty in doing this, nor in standing when he got out. Officer Isabella asked Mr. Baird to perform field sobriety tests, to which Mr. Baird replied he could not,

due to medical issues.  Mr. Baird was badly beaten by his father when young, and suffered a fractured skull.  He has a problem with his balance, due to damage to his inner ear.  He takes several medications, including a muscle relaxer, and blood thinner.

{¶5}    Nevertheless, Officer Isabella administered the horizontal gaze nystagmus test, which Mr. Baird failed completely.

{¶6}    There is no dash cam video of this encounter, since the camera in Officer Isabella's cruiser was disabled.

{¶7}    Mr. Baird was arrested, and taken to the police station for booking.  Over defense objection, the CD of the booking was entered into evidence at trial.  The objection stemmed from the quality of the CD.  There are numerous glitches; frequently, the audio and visual do not match at all.

{¶8}    Mr. Baird refused to take a breathalyzer test.  He was asked twice again to recite the alphabet.  Each time, he ran through it very quickly, and seemed to miss the letter "w."  The second time, he added it immediately after "z."  Generally, he sat quietly on a bench.  Several times, however, he became agitated, and gesticulated, raising his voice.  Twice he clapped, evidently when accusing the officers of persecuting a severely disabled man such as himself.  When asked if he would like to try the field sobriety tests, he replied he could not do them sober.  He stated he had three drinks over several hours.  He was non-cooperative when his mug shots were taken, sticking out his tongue.  Interestingly, his eyes do not appear at all red in the mug shots.  He answered most questions quickly and without difficulty, and participated intelligently, if somewhat vigorously, in a discussion of the effect of two prior OVI convictions he had sustained.

3

{¶9} Mr. Baird's gait is somewhat shambling. His voice is very gruff, and his speech pattern sometimes moves from fast to slow without warning or apparent reason. At the trial in this matter, his mother Judy Baird, with whom he lives, testified. She stated this was his normal manner of speech. She also testified that on the day of arrest, she returned home at 4:00 p.m., and left again at 7:30 p.m., an hour before the arrest, and that Mr. Baird drank nothing during that time.

{¶10} Mr. Baird was charged with the two aforementioned violations. April 17, 2014, he filed a motion to suppress, which was denied by the trial court after hearing. Jury trial was held August 1, 2014. Defense counsel offered to stipulate that Mr. Baird had a prior OVI conviction. The state refused the stipulation, and the judgments against him for two prior OVI convictions were entered into evidence.

{¶11} The jury found Mr. Baird guilty of both charges. The trial court merged the convictions for sentencing purposes, sentencing Mr. Baird to 365 days in jail, 215 being suspended, credit for time served, and two years probation. His driver's license was suspended for five years.

{¶12} This appeal timely ensued, Mr. Baird assigning five errors:

{¶13} "[1.] Appellant's right to be free from unreasonable searches and seizures under the Fourth Amendment to the U.S. Constitution and Article I, Section 14 of the Ohio Constitution was violated when the police conducted an investigatory stop based on an anonymous tip without first corroborating the allegations of criminal conduct.

{¶14} "[2.] The trial court abused its discretion to the prejudice of the appellant by admitting into evidence the appellant's booking video, as the recording's probative value is substantially outweighed by the danger of unfair prejudice.

4

{¶15} "[3.] The trial court erred to the prejudice of the appellant in admitting evidence of the appellant's two prior convictions, in that the evidence'[s] probative value was outweighed by unfair prejudice.

{¶16} "[4.] The verdict of guilty is against the manifest weight of the evidence.

{¶17} "[5.] The trial court erred to the prejudice of the appellant in denying the motion for dismissal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure, in that the evidence presented was insufficient as a matter of law."

{¶18} We commence with assignment of error three, finding it dispositive of this appeal.

{¶19} In October 2008, Mr. Baird pled guilty to two counts of OVI, in separate cases, in the trial court. In this case, he refused a breathalyzer test, and was charged not merely with OVI, but with violating R.C. 4511.19(A)(2)(a) and (b), which provides, in pertinent part:

{¶20} "(2) No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:

{¶21} "(a) Operate any vehicle * * * within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

{¶22} "(b) Subsequent to being arrested for operating the vehicle * * * as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code

of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests."

{¶23} Defense counsel offered to stipulate that Mr. Baird had a prior OVI conviction. The state refused the offer, and both judgment entries of his prior convictions came into evidence. Mr. Baird argued then, as now, that this violated Evid.R. 403(A) which provides, in pertinent part: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice * * *." Mr. Baird asserts the evidence he had two prior OVI convictions was not necessary for the state to prove its case, since he was willing to stipulate to one. He argues it was prejudicial, as it tended to show not merely that he is a repeat offender, but an habitual, chronic offender. We agree.

{¶24} We review a trial court's evidentiary rulings for abuse of discretion. *Musson v. Musson*, 11th Dist. Trumbull No. 2013-T-0113, 2014-Ohio-5381, ¶34. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶25} "With regard to the risk of prejudice [under Evid.R. 403(A)], it must be shown that the prejudicial effect was unfair because it might have provided the jury with an improper basis for rendering its decision." *State v. Comstock*, 11th Dist. Ashtabula No. 96-A-0058, 1997 Ohio App. LEXIS 3670, *30 (Aug. 15, 1997).

6

**{¶26}** We find this assignment of error is controlled by *Old Chief v. United States*, 519 U.S. 172 (1997). In that case, Old Chief was willing to stipulate he had previously been convicted of a crime requiring imprisonment for more than one year, which was an element of one of the crimes with which he was newly charged. *Id.* at 174. The United States refused the stipulation, and the district court agreed, allowing in the judgment entry regarding the prior conviction. *Id.* at 177. The Ninth Circuit Court of Appeals affirmed. *Id.* The U.S. Supreme Court granted Old Chief's petition for a writ of certiorari, and reversed. *Id.* at 178. Analyzing the case under Fed.R.Evid. 403, the court concluded that when the sole issue pertaining to a prior conviction is a defendant's legal status – i.e., whether a defendant is subject to prosecution and conviction for the presently charged crime due to a prior conviction – then, the government is required to accept a defendant's stipulation regarding the prior conviction, to avoid unfair prejudice. *Old Chief* at 190-192. We have previously applied *Old Chief* in interpreting Ohio Evid.R. 403. *See, e.g.*, *State v. Hatfield*, 11th Dist. Ashtabula No. 2006-A-0033, 2007-Ohio-7130, ¶142-148.

**{¶27}** Pursuant to *Old Chief*, the admission into evidence of Mr. Baird's prior OVI conviction, when he was willing to stipulate he had a prior conviction, was unfairly prejudicial, as it gave the jury an improper basis for the instant verdict.

**{¶28}** The third assignment of error has merit. We decline to reach the remaining assignments of error, finding them moot. App.R. 12(A)(1)(c).

7

{¶29} The judgment of the Willoughby Municipal Court is reversed, Mr. Baird's sentence is vacated, and this matter is remanded for further proceedings consistent with this opinion.

THOMAS R. WRIGHT, J., concurs,

CYNTHIA WESTCOTT RICE, J., dissents with a Dissenting Opinion.

_____

CYNTHIA WESTCOTT RICE, J., dissents with a Dissenting Opinion.

{¶30} Because I disagree with the majority's analysis and disposition with respect to the third assignment of error, which is the only assigned error the majority addresses in its opinion, I respectfully dissent.

{¶31} I agree with the majority that the trial court erred by admitting evidence of appellant's prior OVI convictions, on the basis that admission of said evidence violated Evid.R. 403(A) and *Old Chief, supra*. However, even an *Old Chief* violation does not automatically warrant reversal of an otherwise valid conviction where the error committed by the trial court is otherwise harmless beyond a reasonable doubt. *See State v. Riffle*, 5th Dist. Muskingum No. 2007-0013, 2007-Ohio-5299, ¶32-35, citing *Old Chief*. In *Old Chief*, the United States Supreme Court did not remand the case to the trial court for a new trial; rather the Court remanded the case to the Ninth Circuit Court of Appeals. *Id*. at 192. In a footnote, the United States Supreme Court stated, "[i]n remanding, we imply no opinion on the possibility of harmless error, an issue not passed upon below." *Id*. at n. 11. On remand, the Ninth Circuit held: "[t]he judgment of

8

this court has been reversed * * *, and this case is remanded to the district court for further proceedings in light of the Supreme Court's opinion in *Old Chief*[, *supra.*] The district court may consider whether any error found by the Supreme Court was harmless." 121 F.3d 448.

{¶32} Error is harmless unless the defendant's substantial rights are affected. Crim.R. 52(A); *State v. Hicks*, 6th Dist. Ottawa No. L-83-074, 1991 Ohio App. LEXIS 3856, *13 (Aug. 16, 1991).

{¶33} Ohio courts have discussed two standards for harmless error in criminal cases, depending on whether the rights affected by the error are constitutional or non-constitutional rights. For non-constitutional errors in the admission of evidence, the test is whether "there is substantial other evidence to support the guilty verdict." *State v. Webb*, 70 Ohio St.3d 325, 335 (1994).

{¶34} The Ohio test * * * for determining whether the admission of inflammatory and otherwise erroneous evidence is harmless non-constitutional error requires the reviewing court to look at the whole record, leaving out the disputed evidence, and then to decide whether there is other substantial evidence to support the guilty verdict. If there is substantial evidence, the conviction should be affirmed, but if there is not other substantial evidence, then the error is not harmless and a reversal is mandated. *State v. Davis*, 44 Ohio App.2d 335, 347 (8th Dist.1975).

{¶35} In contrast, "[w]here constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence,

9

standing alone, constitutes overwhelming proof of the defendant's guilt." *State v. Williams* 6 Ohio St.3d 281 (1983), paragraph six of the syllabus.

{¶36} Here, there was only one error committed by the court -- the admission of appellant's prior OVI convictions. In addition, the state presented ample evidence that appellant was under the influence before he was booked. Officer Isabella testified that appellant: (1) crossed the center line twice; (2) had slurred speech, glassy eyes, and smelled of alcohol; (3) admitted he had had two drinks that evening; (4) said it was 1:30 p.m. when in fact it was 8:40 p.m., in responding to the officer's question asking him the time; (5) failed the one field sobriety test he agreed to take, the horizontal gaze nystagmus test; and (6) was unable to correctly recite the alphabet twice. A review of the record reveals that, after leaving out the disputed evidence, the remaining evidence presented by the state satisfied both standards for harmless error. I would therefore affirm the trial court's judgment.

{¶37} For the foregoing reasons, I respectfully dissent.