[Cite as *State v. Varner*, 2020-Ohio-1329.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NOS. 2019-P-0089** **2019-P-0098** |
| LISA MARIE VARNER, | : | |
| Defendant-Appellee. | : | |

Criminal Appeals from the Portage County Municipal Court, Ravenna Division, Case No. 2018 TRC 15167 R.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellant).

*Gregg A. Rossi* and *James N. Melfi,* Rossi & Rossi Co., 26 Market Street, 8th Floor, P.O. Box 6045, Youngstown, Ohio 44501 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, the state of Ohio (the "state"), appeals the judgment entry of the Portage County Municipal Court, Ravenna Division, precluding the state from introducing any evidence of appellee's, Lisa Marie Varner ("Ms. Varner"), prior conviction for operating a vehicle under the influence of alcohol ("OVI") and indicating it will not instruct the jury regarding any prior OVI convictions within the last 20 years.

{¶2} The state argues that it must be permitted to present evidence of Ms. Varner's prior OVI conviction, including a stipulation, because a prior OVI conviction within 20 years is an element of an OVI offense under R.C. 4511.19(A)(2) involving the refusal to submit to a chemical test. The state further argues that the trial court is required to include this element in the jury instructions at trial.

{¶3} After a careful review of the record and pertinent law we find as follows:

{¶4} First, based on the plain language of the statute and the Supreme Court of Ohio's precedent, Ms. Varner's prior OVI conviction is an essential element of a refusal offense under R.C. 4511.19(A)(2) that the state must prove beyond a reasonable doubt.

{¶5} Second, the parties' stipulation regarding the fact of Ms. Varner's prior conviction is admissible under Evid.R. 403(A).

{¶6} Finally, the trial court must instruct the jury regarding Ms. Varner's prior OVI to correctly state the law for a refusal offense under R.C. 4511.19(A)(2).

{¶7} Thus, we reverse the judgment of the Portage County Municipal Court, Ravenna Division, and remand for further proceedings consistent with this opinion.

**Substantive and Procedural History**

{¶8} Following a traffic stop on October 5, 2018, Ms. Varner was charged with (1) OVI in violation of R.C. 4511.19(A)(1)(a); (2) OVI in violation of R.C. 4511.19(A)(2) involving the refusal to submit to a chemical test (the "refusal offense"); (3) driving under an OVI suspension in violation of R.C. 4510.14; and (4) driving in marked lanes in violation of R.C. 4511.33. The ticket noted a prior OVI in 2018. Ms. Varner pleaded not guilty and subsequently filed a jury demand.

2

{¶9} In June 2019, Ms. Varner, through counsel, filed an offer of stipulation, where she offered to stipulate that she had a prior OVI conviction within 20 years of the date of the alleged offense in the underlying case. Ms. Varner stated that the prior OVI conviction is from the Barberton Municipal Court dated September 17, 2019 [sic].[1] The state accepted Ms. Varner's offer of stipulation.

{¶10} Ms. Varner also filed a motion in limine to preclude the state from introducing, among other things, any evidence of her prior OVI conviction. Citing this court's decision in *State v. Baird*, 11th Dist. Lake No. 2014-L-098, 2015-Ohio-4539, Ms. Varner argued that evidence of her prior OVI conviction violated Evid.R. 403(A), which mandates exclusion of relevant evidence that is substantially outweighed by the danger of unfair prejudice.

{¶11} The state filed a response, arguing that Ms. Varner's motion in limine would prevent it from proving an element of the refusal offense.

{¶12} In August 2019, the trial court held a hearing on Ms. Varner's motion in limine.[2] After hearing counsels' arguments, the trial court ruled that the state could not introduce any evidence of Ms. Varner's prior conviction, including the stipulation.

{¶13} The trial court also addressed jury instructions. It noted that a second offense of OVI under either R.C. 4511.19(A)(1)(a) or R.C. 4511.19(A)(2) is a misdemeanor of the first degree, although an offense under the latter provision carries higher penalties. The trial court ruled that it would not instruct the jury regarding a prior

---

1. The stated year of the prior OVI appears to be a typographical error.
2. The court's recording equipment malfunctioned, so no recording was available for transcription. The state subsequently produced a proposed statement of proceedings, which the trial court approved following a limited remand.

3

OVI offense. The state objected and requested that the trial court give the standard Ohio Jury Instruction for the refusal charge.

{¶14} The trial court issued a judgment entry nunc pro tunc granting Ms. Varner's motion. Relevant here, the trial court precluded the state from introducing any evidence of Ms. Varner's prior OVI conviction from the Barberton Municipal Court and stated it will not instruct the jury regarding any prior OVI convictions within the last 20 years.

{¶15} The state filed a notice of appeal as of right pursuant to R.C. 2945.67(A) regarding that portion of the trial court's judgment entry precluding it from introducing any evidence of Ms. Varner's prior OVI conviction. The state sought, and this court granted, leave to appeal that portion of the trial court's judgment entry regarding the jury instruction. This court consolidated the appeals.

{¶16} The state sets forth the following two assignments of error for our review:

{¶17} "[1.] The trial court erred by prohibiting the State from introducing any evidence of Ms. Varner's prior OVI conviction, including her stipulation to that conviction.

{¶18} "[2.] The trial court erred by refusing to instruct the jury regarding Ms. Varner's prior OVI conviction within 20 years of the current offense."

## Exclusion of Evidence

{¶19} In its first assignment of error, the state argues that the trial court erred in precluding it from introducing any evidence of Ms. Varner's prior OVI conviction.

{¶20} We review a trial court's evidentiary rulings under an abuse of discretion standard of review. *Bates-Brown v. Brown*, 11th Dist. Trumbull No. 2006-T-0089, 2007-Ohio-5203, ¶20. An abuse of discretion is the trial court's "failure to exercise sound,

4

reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

{¶21} When an appellate court is reviewing a pure issue of law, the mere fact that the reviewing court would decide the issue differently is enough to find error (although harmless errors and errors not preserved for appellate review are not reversible). *Id*. at ¶67, fn. 2. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id*. at ¶67.

### *Essential Element*

{¶22} The first issue is whether a prior OVI conviction is an essential element of a refusal offense under R.C. 4511.19(A)(2).

{¶23} The essential elements of a given offense are those facts which must be proven to obtain a conviction of the accused. *State v. Jones*, 11th Dist. Portage Nos. 2010-P-0051 & 2010-P-0055, 2011-Ohio-5109, ¶16. The state must prove all elements of an offense beyond a reasonable doubt. R.C. 2901.05(A). Where the existence of a prior offense is an element of a subsequent crime, the state must prove the prior conviction beyond a reasonable doubt, just as it must prove any other element. *State v. Day*, 99 Ohio App.3d 514, 517 (12th Dist.1994). The jury must find that the previous conviction has been established in order to find the defendant guilty on the second offense. *Id*. By contrast, where an earlier conviction merely affects the penalty imposed for a subsequent offense, a defendant may request that the trial court determine the existence of the prior conviction at the sentencing hearing. *Id*.

{¶24} R.C. 4511.19(A)(2) provides:

5

{¶25} "No person *who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense* shall do both of the following:

{¶26} "(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

{¶27} "(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests." (Emphasis added.)

{¶28} Thus, based the plain language of the statute, Ms. Varner's prior OVI offense appears to be an essential element of a refusal offense under R.C. 4511.19(A)(2).

{¶29} Ms. Varner argues that her prior OVI conviction is not an essential element based on the Supreme Court of Ohio's decision in *State v. Allen*, 29 Ohio St.3d 53 (1987). In *Allen*, the defendant was charged with OVI pursuant to R.C. 4511.19(A). *Id.* at 53. The court held that "[w]here the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense and need not be * * * proved as a matter of fact." *Id.* at syllabus.

{¶30} At the time *Allen* was decided, however, R.C. 4511.19(A)(2) did not exist. *State v. Miller*, 12th Dist. Warren No. CA2011-02-013, 2012-Ohio-997, ¶13. A prior

conviction merely enhanced the penalty under the relevant penalty statute (former R.C. 4511.99(A)(3)), making it only a sentencing consideration for the trial court. *Id.*

{¶31} The Ohio General Assembly enacted R.C. 4511.19(A)(2) effective September 23, 2004. *State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, ¶27. In *Hoover*, the Supreme Court of Ohio upheld the constitutionality of R.C. 4511.19(A)(2). *Id.* at ¶30. In doing so, the court expressly stated that "[t]here are three elements of a charge brought pursuant to R.C. 4511.19(A)(2):" (1) an OVI conviction within 20 years of the current violation, (2) operation of a motor vehicle while under the influence of alcohol or drugs, and (3) a refusal to submit to a chemical test while under arrest for the current OVI. *Id.* at ¶13. The court further stated that "[a] person's refusal to take a chemical test is simply an additional element that must be proven beyond a reasonable doubt *along with the person's previous [OVI] conviction* to distinguish the offense from a violation of R.C. 4511.19(A)(1)(a)." (Emphasis added.) *Id.* at ¶21.

{¶32} Relying on *Hoover*, several of our sister districts have concluded that a prior OVI conviction in 20 years is an essential element of R.C. 4511.19(A)(2) that the state must prove beyond a reasonable doubt. *State v. Holland*, 5th Dist. Stark No. 2011 CA 00104, 2012-Ohio-486, ¶18-21; *Miller, supra*, at ¶12; *State v. Kraus*, 2d Dist. Greene No. 2011-CA-35, 2013-Ohio-393, ¶3; *Parma v. Benedict*, 8th Dist. Cuyahoga No. 101480, 2015-Ohio-3340, ¶13; *State v. Leasure*, 4th Dist. Ross No. 15CA3484, 2015-Ohio-5327, ¶36; *State v. Harris*, 1st Dist. Hamilton Nos. C-160279, et al., 2017-Ohio-5594, ¶19.

{¶33} Based on the plain language of the statute and *Hoover*, we agree with our sister districts and hold that Ms. Varner's prior OVI conviction is an essential element of R.C. 4511.19(A)(2) that the state must prove beyond a reasonable doubt.

7

## *Evid.R. 403(A)*

{¶34} The second issue is whether evidence of Ms. Varner's prior conviction is inadmissible under Evid.R. 403(A) as creating a danger of unfair prejudice.

{¶35} Evid.R. 403(A) provides that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶36} Ms. Varner argues that this court previously resolved this issue in *Baird*, *supra*. In that case, a defendant with two prior OVI convictions was subsequently charged with another OVI offense and a refusal offense under R.C. 4511.19(A)(2). *Id*. at ¶19-21. Defense counsel offered to stipulate that Mr. Baird had one prior OVI conviction. *Id*. at ¶23. The state refused the offer, and both judgment entries of Mr. Baird's prior OVI convictions came into evidence. *Id*.

{¶37} Mr. Baird argued that the admission of this evidence violated Evid.R. 403(A). *Id*. He contended that the evidence that he had two prior OVI convictions was not necessary for the state to prove its case, since he was willing to stipulate to one. *Id*. He also contended that the evidence was prejudicial because it tended to show not merely that he was a repeat offender but a habitual, chronic offender. *Id*. This court agreed, relying on the U.S. Supreme Court's holding in *Old Chief v. United States*, 519 U.S. 172 (1997). *See Baird* at ¶26.

{¶38} In *Old Chief*, the defendant was charged with violating a federal statute prohibiting the possession of a firearm by anyone who had a prior conviction of a crime punishable by a term of imprisonment exceeding one year. *Id*. at 174-75. The defendant offered to stipulate to the fact of the prior conviction and sought to preclude the prosecutor

8

from revealing to the jury the name and nature of the prior felony conviction. *Id.* at 175. The defendant asserted that, in light of his offer to stipulate, evidence relating to the name and nature of the previous felony conviction was inadmissible under Fed.R.Evid. 403 because of the danger of unfair prejudice. *Id.*

{¶39}  The Assistant U.S. Attorney refused to join in a stipulation, and the district court ruled that he did not have to stipulate. *Id.* at 177.  Over objection, the government introduced the order of judgment and commitment for the defendant's prior conviction, and the defendant was ultimately found guilty on all counts. *Id.*

{¶40}  The U.S. Supreme Court held that the district court abused its discretion by admitting the full record of a prior judgment when a stipulation was available. *Id.* at 191. The court concluded that when the sole issue pertaining to a prior conviction is a defendant's legal status, i.e., whether a defendant is subject to prosecution and conviction, then the government is required to accept a defendant's stipulation regarding the prior conviction to avoid undue prejudice. *Baird* at ¶26, citing *Old Chief* at 190-92. The court emphasized that its holding represented a limited exception to the general principle that "the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away." *Old Chief* at 189.

{¶41}  Based on *Old Chief*, this court held in *Baird* that the admission into evidence of Mr. Baird's prior OVI convictions when he was willing to stipulate that he had a prior conviction was unfairly prejudicial and gave the jury an improper basis for its verdict. *Id.* at ¶27.[3]

---

3.  The dissenting judge would have found the error harmless based on substantial other evidence to support the guilty verdict.  *See Baird* at ¶36 (Westcott Rice, J., dissenting).

{¶42} Ms. Varner asserts that *Baird* requires the trial court to exclude all evidence concerning her prior OVI conviction. This broad assertion is inconsistent with the limited holding in *Baird*.

{¶43} Further, the present case is factually distinguishable from *Baird*. In *Baird*, the state did not accept Mr. Baird's offer to stipulate to a prior OVI conviction. Here, the state accepted Ms. Varner's offer to stipulate. Thus, *Baird* does not address, much less answer, the issue presently before us, i.e., whether and to what extent a stipulation of a prior OVI conviction is admissible. Instead, *Old Chief* supplies that answer.

{¶44} This court has recognized that *Old Chief* stands for the substantive proposition that, in order to avoid undue prejudice, a court must accept a defendant's stipulation on an element of a crime which simply goes to his or her legal status. *State v. Nadock*, 11th Dist. Lake No. 2009-L-042, 2010-Ohio-1161, ¶30. However, *Old Chief* neither states nor implies that the jury must remain ignorant of that prior conviction. *Id*. Rather, where a defendant's legal status is a material element of a charged crime, "the fact of the qualifying conviction is alone what matters under the statute." *Id*., quoting *Old Chief* at 190. As a result: "[t]he most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instruction." *Id*., quoting *Old Chief* at 190-91. Thus, the stipulation ensures that the jury would know *only* the fact of a prior felony conviction, which is admissible under Evid.R. 403, not the facts underlying that conviction, which are inadmissible under the rule. *Id*.

{¶45} Further, *Old Chief* explicitly recognized that even where a defendant stipulates to his legal status, the jury must nevertheless be made aware of the concession. *Id.* at ¶31. While a defendant is entitled to stipulate to the fact of his legal status, the jury must still find that fact to be established in order to convict the defendant in a later proceeding where the fact is a necessary element of the charged crime. *Id.* A stipulation concerning a prior conviction does not relieve the state of its burden of proving beyond a reasonable doubt every element of the offense charged. *State v. Cisternino*, 11th Dist. Lake No. 99-L-137, 2001 WL 314798, *7 (Mar. 30, 2001). A stipulation is simply another type of evidential submission which the jury is required to consider in making its factual findings. *Id.*

{¶46} This holding fully complies with Evid.R. 403(A). *Old Chief* bars evidence of prior convictions offered *solely* to prove a defendant's status as a convicted criminal. *State v. Hatfield*, 11th Dist. Ashtabula No. 2006-A-0033, 2007-Ohio-7130, ¶144. Under circumstances where a defendant's legal status must be proved, the probative value of a defendant's admission and stipulation to a prior conviction has equivalent value to a fuller record with less potential for prejudice, thereby justifying a limitation on prosecutorial discretion. *Id.*

{¶47} Accordingly, in *State v. Melton*, 11th Dist. Lake No. 2009-L-078, 2010-Ohio-1278, this court held that the trial court did not err in accepting and reading to the jury a joint stipulation as to the defendant's prior illegal drug trafficking conviction where it was an essential element of the charge of having a weapon while under disability. *Id.* at ¶2. We noted that the stipulation simply recited, verbatim, the statutory name of the offense

and that the trial court gave a limiting instruction as to the jury's use of the prior conviction to balance any possible prejudicial use. *Id.* at ¶60.

{¶48} Based on the foregoing, the trial court abused its discretion by precluding the state from introducing the stipulation regarding Ms. Varner's prior OVI conviction. The trial court may supplement the stipulation with an appropriate limiting instruction.

{¶49} The state's first assignment of error has merit.

### Jury Instruction

{¶50} In its second assignment of error, the state argues that the trial court erred by stating it will not instruct the jury regarding Ms. Varner's prior OVI conviction.

{¶51} An appellate court reviews a trial court's refusal to give a requested jury instruction for abuse of discretion. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶240.

{¶52} In charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict. R.C. 2945.11. Requested jury instructions should ordinarily be given if they are correct statements of law, if they are applicable to the facts in the case, and if reasonable minds might reach the conclusion sought by the requested instruction. *Adams* at ¶240.

{¶53} Since Ms. Varner's prior OVI conviction is an essential element of a refusal offense under R.C. 4511.19(A)(2), the trial court must instruct the jury accordingly. Otherwise, the instruction would constitute an incorrect statement of law.

{¶54} The state requested that the trial court utilize the standard instruction contained in *Ohio Jury Instructions*, CR Section 711.19(A)(2) (Rev. Apr. 1, 2017). The Ohio Jury Instructions are authoritative and are generally to be followed and applied by

Ohio's courts. *State v. Turner*, 11th Dist. Lake No. 2015-L-116, 2016-Ohio-4733, ¶50. Upon review, we find that the requested jury instruction contains a correct statement of law and that reasonable minds might reach the conclusion sought by it.

{¶55} Accordingly, the trial court abused its discretion by refusing to instruct the jury regarding Ms. Varner's prior OVI conviction.

{¶56} The state's second assignment of error has merit.

{¶57} Based on the foregoing, the judgment of the Portage County Municipal Court, Ravenna Division, is reversed, and this matter is remanded for further proceedings consistent with this opinion.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.