[Cite as *State v. Clay*, 2026-Ohio-2136.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,
CITY OF KENT,

        Plaintiff-Appellee,

- vs -

REUBEN O. CLAY,

        Defendant-Appellant.

CASE NO. 2025-P-0084

Criminal Appeal from the
Municipal Court, Kent Division

Trial Court No. 2025 TRC 00716 K

## OPINION AND JUDGMENT ENTRY

Decided: June 8, 2026
Judgment: Affirmed in part, reversed in part, and remanded

*Connie J. Lewandowski*, Portage County Prosecutor, and *Heaven DiMartino*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Adam M. VanHo*, 37 South Main Street, Suite 3, P.O. Box 157, Munroe Falls, OH 44262 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Reuben Clay, appeals from the judgment of the Portage County Municipal Court, Kent Division, finding him guilty of OVI, OVI Refusal, and a lanes of travel violation. For the following reasons, we affirm in part, and reverse in part the decision of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On March 31, 2025, Clay was issued a ticket for Operating a Vehicle Under the Influence of Alcohol, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1); Operating a Vehicle Under the Influence of Alcohol-Refusal, a

misdemeanor of the first degree, in violation of R.C. 4511.19(A)(2); and a lanes of travel violation, a minor misdemeanor, in violation of R.C. 4511.25.

{¶3} A bench trial was held on July 29, 2025. Officer Charles Ellis of the Kent Police Department testified that on March 30, 2025, he observed Clay make a "wide turn," turned his patrol vehicle around and then saw that Clay "struck a curb on the west side of the roadway after making a wider turn at that intersection." Ellis conducted a traffic stop. Upon making contact with Clay, Ellis could smell the strong odor of alcoholic beverage coming from the vehicle, and observed that Clay had bloodshot eyes and slurred speech. After conducting sobriety tests, Clay was arrested. Ellis testified that he decided to charge Clay with "Operating a Vehicle Under the Influence, Operating with a Refusal, have to due to a prior 2022 conviction for OVI, I believe in Summit County Court of Common Pleas and Lanes of Travel."

{¶4} David Wilson, Clay's friend, was his passenger at the time of the traffic stop. He testified that he did not feel the vehicle hit a curb or notice swerving or erratic driving.

{¶5} The court found Clay guilty of the offenses for which he was charged and sentenced him to a term of 180 days in jail with 170 suspended. The court stayed the sentence pending appeal.

{¶6} Clay timely appeals and raises the following assignments of error:

{¶7} "[1.] Appellant's conviction for operating a vehicle under the influence, in violation of Section 4511.19(A)(2), is unconstitutional as it is based on insufficient evidence, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article One, Sections Ten and Sixteen of the Ohio Constitution, and Section 4511.19(A)(2) of the Ohio Revised Code."

Case No. 2025-P-0084

{¶8} "[2.] Appellant's convictions for lanes of travel upon roadways of sufficient width, in violation of Section 4511.25 of the Ohio Revised Code, is unconstitutional as it is based on insufficient evidence, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article One, Sections Ten and Sixteen of the Ohio Constitution, and Section 4511.25 of the Ohio Revised Code."

{¶9} "[3.] Appellant was deprived of the effective assistance of counsel at trial, in violation of Strickland v. Washington, the Sixth and Fourteenth Amendments of the United States Constitution, and Article One, Section Ten of the Ohio Constitution."

{¶10} In his first assignment of error, Clay argues that his OVI conviction for a violation of R.C. 4511.19(A)(2) was supported by insufficient evidence demonstrating he had a prior conviction for OVI within twenty years.

**Sufficiency of the Evidence to Demonstrate a Prior OVI Conviction**

{¶11} Sufficiency of the evidence is a "term of art meaning that legal standard which is applied to determine . . . whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Citation omitted.) *State v. Thompkins*, 1997-Ohio-52, ¶ 23 ("[i]n essence, sufficiency is a test of adequacy"). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "A challenge to the sufficiency of the evidence presents a

Case No. 2025-P-0084

question of law, which on appeal is reviewed de novo." *State v. Dunn*, 2024-Ohio-5742, ¶ 28. We observe that while Clay's counsel initially filed a Crim.R. 29 motion to dismiss challenging sufficiency following the State's case, the defense did not renew that motion after resting its case. This does not, however, impede Clay's ability to challenge the sufficiency of the evidence. The Ohio Supreme Court has held that an "[a]ppellant's 'not guilty' plea preserve[s] his right to object to the alleged insufficiency of the evidence." *State v. Jones*, 2001-Ohio-57, ¶ 48. Further, this court has determined that "[w]here an appealing party fails to renew a motion for acquittal at the close of evidence, such an omission does not forfeit or waive his or her right to argue evidential sufficiency on appeal." *State v. Norman*, 2026-Ohio-779, ¶ 45 (11th Dist.).

{¶12} Pursuant to R.C. 4511.19(A)(2), "[n]o person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division . . . shall:" (a) operate a vehicle while under the influence and (b) subsequent to arrest, refuse to submit to requested testing. "'[T]here are three elements of a charge brought pursuant to R.C. 4511.19(A)(2):' (1) an OVI conviction within 20 years of the current violation, (2) operation of a motor vehicle while under the influence of alcohol or drugs, and (3) a refusal to submit to a chemical test while under arrest for the current OVI." *State v. Varner*, 2020-Ohio-1329, ¶ 31 (11th Dist.), citing *State v. Hoover*, 2009-Ohio-4993, ¶ 13. "[A] prior OVI conviction in 20 years is an essential element of R.C. 4511.19(A)(2) that the state must prove beyond a reasonable doubt." *Varner* at ¶ 32.

{¶13} To prove the element of a prior conviction, the State may present proof under R.C. 2945.75(B). R.C. 2945.75(B)(1) provides: "Whenever in any case it is

Case No. 2025-P-0084

necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." Further, (B)(2) provides: "Whenever in any case it is necessary to prove a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record." However, "[t]he method set forth in R.C. 2945.75(B)(1) is not the exclusive method for proving a prior conviction. We agree with those appellate courts that have held that other methods may exist to prove the element beyond a reasonable doubt." *State v. Gwen*, 2012-Ohio-5046, ¶ 22.

{¶14} Here, there was no presentation of a certified record of conviction nor a stipulation to the prior conviction. Rather, the evidence the State argues supports the conviction is statements by Ellis to Clay after his arrest regarding his prior conviction and Clay's admission of the prior offense.

{¶15} While Clay was in the back of Ellis' cruiser after his arrest, Ellis questioned whether he had a prior felony OVI conviction in the Summit County Court of Common Pleas. After Clay initially responded in the negative, the following exchange occurred:

> Ellis: It was a common pleas case with an OVI conviction on it.
> Clay: You said a prior felony? . . . OVI?
> Ellis: From Summit County.
> Clay: Yeah, I did have my firearm with me, yes I did.
> Ellis: So it's not a felony OVI, it was in felony court.
> Clay: Yes. . . .
> . . .
> Ellis: And your prior OVI . . . was just in felony court because of the …
> Clay: The firearm.

Case No. 2025-P-0084

{¶16} Additional evidence relating to a prior conviction came from Officer Ellis' body camera footage, wherein he referenced a prior conviction while reading an Ohio Bureau of Motor Vehicles form regarding license suspension to Clay ("since you have a prior conviction, if you refuse it is an automatic two-year suspension"). Ellis also testified that he decided to charge Clay with "Operating a Vehicle Under the Influence, Operating with a Refusal, have to due to a prior 2022 conviction for OVI, I believe in Summit County Court of Common Pleas and Lanes of Travel."

{¶17} The State argues that Clay's admission outlined above is sufficient to establish his prior conviction, citing *Parma v. Benedict*, 2015-Ohio-3340 (8th Dist.). In *Benedict*, the court held that the defendant's statement on the booking video played for the jury where he confirmed the existence of a prior OVI conviction was sufficient to allow jurors to conclude beyond a reasonable doubt that he had a prior OVI conviction. *See also State v. Burchett*, 2025-Ohio-5444, ¶ 14 (4th Dist.) ("appellant's admission was sufficient to allow the jury to conclude beyond a reasonable doubt that appellant has three prior OVI convictions"). A key difference here, however, lies in the fact that Clay was not given *Miranda* warnings before making the statements relating to the prior conviction, unlike the defendants in *Benedict* and *Burchett*. Pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), "an individual must be advised of his or her constitutional rights when law enforcement officers initiate questioning after that person has been taken into custody or otherwise deprived of his or her freedom in any significant way." *State v. Mayernik*, 2017-Ohio-7452, ¶ 16 (11th Dist.). The prosecution may not use statements stemming from a custodial interrogation in the absence of provision of *Miranda* rights. *Miranda* at 444. Although Clay was handcuffed, told he was under arrest, and in the back of a police

cruiser at the time of these statements, he had not been given *Miranda* warnings.

{¶18} While Clay did not object to playing the video or ask to suppress his statements, even where there is failure to object to the admission of un-Mirandized statements, we still apply a plain error standard, i.e., that there was an obvious defect and "but for the error, the outcome of the trial clearly would have been otherwise." *Mayernik* at ¶ 13; *State v. Whitaker*, 2022-Ohio-2840, ¶ 39. Since these statements would establish an element of a crime, we find plain error. We decline to determine there was sufficient evidence to establish this element of the crime based solely on un-Mirandized statements made by a criminal defendant while in custody.

{¶19} There was no stipulation to the existence of the prior conviction nor did the State present any records relating to such conviction. We do not find the statements in the body camera video to be sufficient evidence of such a conviction. There is nothing in the record to verify the accuracy of the statements made in that video or the circumstances relating to that conviction. No authority is cited by the State from a case where such a statement was found to be sufficient evidence of a prior conviction. A review of case law examining the requirements to prove a prior OVI conviction shows that the prosecution generally has proved the existence of a prior OVI conviction either through evidence consistent with R.C. 2945.75(B)(1) or through stipulation or admission. *State v. Harpel*, 2020-Ohio-4513, ¶ 31 (3d Dist.) (stipulation); *State v. Jozwiak*, 2020-Ohio-3694, ¶ 31 (12th Dist.) ("testimony of the prior convictions and admission of certified judgment entries"); *State v. Cranford*, 2019-Ohio-91, ¶ 15 and 24 (4th Dist.) (entry of prior conviction combined with the officer's testimony regarding how he knew the offender was the same one with the prior conviction, including verifying his personal identifiers and picture);

Case No. 2025-P-0084

*Benedict* at ¶ 19 (admission of defendant).

{¶20}  The Ohio Supreme Court concluded that "R.C. 2945.75(B)(1) sets forth one way to provide 'sufficient' proof of a prior conviction, but does not provide the *only* method to prove it.  For example, an offender may, and often does, stipulate to a prior conviction to avoid the evidence being presented before a jury."  *Gwen*, 2012-Ohio-5046, at ¶ 14.  Those prior convictions either supported by certified documents or admissions or stipulations all have in common that they buttress the identification of the defendant as being the person who previously committed the offenses.

{¶21}  In some instances, courts have accepted the testimony of an officer indicating that the defendant had committed a prior offense as evidence of such offense for the purposes of the prior conviction element.  For example, in *State v. Ferguson*, 2003-Ohio-866 (3d Dist.), an officer testified that he knew from personal knowledge that the defendant had been found guilty of a prior offense, with the court observing that there was direct testimony that the officer knew "that the defendant in this case was the same person convicted in the prior case."  *Id.* at ¶ 21.  However, we also note that it has been held that an officer's testimony is not sufficient to authenticate a BMV record relating to a prior conviction.  *State v. Lee*, 2010-Ohio-6276, ¶ 30 (12th Dist.).  If that is the case, it should be questioned whether an officer's statements that a defendant has a prior conviction, without any personal knowledge, are sufficient to establish a prior conviction for the purposes of satisfying that element of OVI refusal.

{¶22}  Nonetheless, we find that the brief statement of the officer in the video that this was a second offense and his testimony that Clay had a prior conviction in 2022 do not rise to the level of the evidence that has been found sufficient, wherein there is

Case No. 2025-P-0084

information identifying the defendant as the perpetrator of the prior crime. It is unclear what records the officer referenced in finding that Clay had a prior conviction, he did not describe how he verified that Clay was the individual who committed the 2022 OVI offense, and he did not have personal knowledge that Clay had committed the prior offense. It does not have the same level of reliability as a certified record, stipulation, or admission.

{¶23} For the foregoing reasons, we reverse Clay's conviction for OVI Refusal. According to the court's sentencing entry, it sentenced him for Count Two, which is OVI Refusal. Since we do not reverse the OVI conviction under R.C. 4511.19(A)(1), we remand for resentencing on that offense.

{¶24} The first assignment of error is with merit.

**Evidence Required to Demonstrate a Violation of R.C. 4511.25**

{¶25} In his second assignment of error, Clay argues that there was no testimony regarding the roadway upon which he travelled and thus, Ellis' testimony that Clay struck a curb did not demonstrate whether he crossed into the opposite lane of travel. Therefore, the lanes of travel violation under R.C. 4511.25 was unsupported by sufficient evidence.

{¶26} R.C. 4511.25(A) provides that upon roadways of sufficient width, a vehicle "shall be driven upon the right half of the roadway" unless certain exceptions apply, such as passing or making a turn in accordance with the law, in the case of an obstruction, when there are three or more marked lanes, on one way streets, or when otherwise directed.

{¶27} There is a lack of evidence or testimony in the record to show that Clay failed to operate his vehicle on the right half of the roadway. Ellis testified that Clay hit a

Case No. 2025-P-0084

curb, but did not specify that he exited the right half of the roadway to do so. While he also indicated that Clay made "wide turns," he failed to explain how this impacted his lane of travel. The dash cam video, which commenced at some point after Ellis began observing Clay, also does not show Clay's vehicle cross over the line or out of the right half of the roadway.

{¶28} This is unlike the circumstances under which a defendant has typically been found guilty of a violation of R.C. 4511.25: where there was testimony showing that a defendant's driving resulted in his tires crossing the center line or otherwise entering the left lane of traffic. *State v. Carano*, 2013-Ohio-1633, ¶ 13 (9th Dist.) (officer testified that defendant "took a wide, slow turn on the wrong side of the road" and crossed over the double yellow line); *Madison Twp. v. Moore*, 2000 WL 688790, *3 (11th Dist. May 26, 2000) ("vehicle crossed over the double-yellow lane divider lines with both driver's side tires twice"); *State v. Matorana*, 2023-Ohio-662, ¶ 3 (6th Dist.). In the present matter, the court cannot merely infer from the testimony that Clay made a "wide turn" that he did not remain in his lane of travel. In the absence of evidence that Clay crossed over to the other side of the roadway and exited the right side of the road, we find insufficient evidence for this conviction. As will be discussed in the following assignment of error, we do not conclude that Ellis did not observe activity warranting a stop of the vehicle, we just find that there was not sufficient testimony to establish a violation of R.C. 4511.25. We vacate his conviction for R.C. 4511.12.

{¶29} The second assignment of error is with merit.

**Ineffective Assistance for Failure to File a Motion to Suppress**

{¶30} In his third assignment of error, Clay argues that counsel was ineffective for

Case No. 2025-P-0084

failing to file a motion to suppress. He contends that only one minor traffic violation was alleged for which there was insufficient evidence, Ellis continued to follow Clay looking for additional traffic violations, and a reasonable officer would not have conducted a traffic stop.

{¶31} To demonstrate ineffective assistance, a defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." (Citation omitted.) *State v. Madrigal*, 87 Ohio St.3d 378, 388-389 (2000). "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶32} As noted above, we do not find that there was sufficient evidence to demonstrate a violation of R.C. 4511.25. This, however, is not dispositive of the issue of whether counsel should have filed a motion to suppress. We initially note that Ellis' trial testimony lacking detail on what he meant by a wide turn was not something that counsel would have anticipated prior to trial.

{¶33} Furthermore, there are other potential sections under which a crime may have been charged. In his brief, under his second assignment of error, Clay contends that striking a curb may have allowed for a charge under R.C. 4511.33, which requires a defendant to drive "entirely within a single lane or line of traffic." R.C. 4511.33(A)(1). Additionally, a possible violation could have occurred under R.C. 4511.36, which provides that a driver "intending to turn at an intersection shall" make a right turn "as close as

Case No. 2025-P-0084

practicable to the right hand curb." R.C. 4511.36(A)(1).

{¶34} It has been held that an officer's "erroneous issuance of a citation for a violation of R.C. 4511.25" is not "fatal to the legality of his traffic stop." *State v. Webb*, 2016-Ohio-4896, ¶ 11 (2d Dist.). "For the purposes of [a] suppression motion, the question was not whether [the officer] identified the correct statutory section. Rather, the question was whether he had reason to believe [the defendant] had violated any traffic law." *Id*. Whether a defendant can be or is ultimately convicted of the underlying offense giving rise to the stop resulting in an OVI charge "is not determinative of whether the officer acted reasonably in stopping and citing him for that offense." *Bowling Green v. Godwin*, 2006-Ohio-3563, ¶ 15.

{¶35} To the extent that Clay argues that "not every minor traffic infraction requires an officer to perform a traffic stop," it has been held that a stop is valid "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation." *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12 (1996). As noted above, the potential traffic violations observed would provide a basis for a reasonable officer to conduct a stop.

{¶36} Finally, Clay does not cite authority for the proposition that an officer may not continue to follow a defendant for a period of time after observing a traffic violation before choosing to conduct the stop. *See State v. Pfeiffer*, 2004-Ohio-4981, ¶ 25, fn. 1 (12th Dist.) ("we are not aware of any requirement, and the trial court does not cite any legal authority, that a law enforcement officer witnessing a traffic violation must stop the offender within seconds or feet before the stop becomes stale").

{¶37} The third assignment of error is without merit.

Case No. 2025-P-0084

{¶38} For the foregoing reasons, the judgment of the Portage County Municipal Court, Kent Division, finding Clay guilty of OVI, OVI Refusal, and a lanes of travel violation, is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.

MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-P-0084

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the first and second assignments of error are with merit and the third assignment of error is without merit. The order of this court is that the judgment of the Portage County Municipal Court, Kent Division, is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

Costs to be taxed against the parties equally.

_____
JUDGE SCOTT LYNCH

_____
PRESIDING JUDGE MATT LYNCH,
Concurs

_____
JUDGE JOHN J. EKLUND,
Concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0084